UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMAN WOOLBRIGHT,

      Petitioner,

v.                                           Case No. 3:20-cv-1429-MMH-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

## ORDER

### I. Status

Petitioner Norman Woolbright, an inmate of the Florida penal system, initiated this action in the United States District Court for the Northern District of Florida on December 7, 2020,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1)[2] with a memorandum of law (Memorandum; Doc. 1-1). The assigned judge transferred the action to the Middle District of Florida on December 18, 2020. See Order (Doc. 4). In the Petition, Woolbright challenges the Florida Department of Corrections' (FDOC) calculation of his gain time. See Petition

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

at 3-8. Respondents submitted a memorandum in opposition to the Petition. See Response (Doc. 14). They also submitted exhibits. See Docs. 22; 27. Woolbright filed a brief in reply. See Reply (Doc. 33). This action is ripe for review.

## II. Relevant Procedural History

On February 23, 1983, the State of Florida charged Woolbright by information with sexual battery (count one), armed robbery (count two), burglary (count three), and attempted murder (count four). Doc. 27 at 11-12. After a trial, a jury found Woolbright guilty of all counts, and on September 23, 1983, the circuit court sentenced Woolbright to a thirty-year term of imprisonment as to count one, a ninety-year term of imprisonment as to count two, and a fifteen-year term of imprisonment as to count three, with all counts to run concurrently. Id. at 13-18, 20. The circuit court withheld adjudication as to count four. Id. at 13-14.

On May 11, 2017, Woolbright filed a petition for writ of mandamus in the circuit court, alleging that the FDOC retroactively applied the 1983 amendment to Florida's gain-time statute to him in violation of the ex post facto clause. Id. at 23-28. The State responded, id. at 31-43, and Woolbright replied, id. at 75-81. On June 13, 2018, the circuit court denied relief. Id. at

2

89-90; Petition at 64-66. Woolbright filed a petition for writ of certiorari in the First District Court of Appeal (First DCA), Doc. 22 at 92-102, and on October 13, 2020, the First DCA denied Woolbright's petition on the merits, Doc. 27 at 121.

### III. One-Year Limitations Period

This action was timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before

3

the Court. Because the Court can "adequately assess [Woolbright's] claim without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Governing Legal Principles

### Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), abrogation recognized on other grounds by Smith v. Comm'r, Ala. Dep't of Corr., 67 F.4th 1335, 1348 (11th Cir. 2023). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011). As such, federal habeas review of final state court decisions is "greatly circumscribed and highly deferential." Id. (internal quotation marks omitted) (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state

4

court need not issue a written opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court has instructed:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d);

5

Richter, 562 U.S. at 97-98. The Eleventh Circuit describes the limited scope of federal review pursuant to § 2254 as follows:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.
>
> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192

6


> L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" Titlow, 571 U.S. at ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" Tharpe, 834 F.3d at 1338 (quoting Richter, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. Richter, 562 U.S. at 102. Thus, to the extent that the petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

## VI. Findings of Fact and Conclusions of Law

In the Petition, Woolbright alleges that the FDOC unlawfully retroactively applied Florida Statutes section 944.275, enacted in 1983 ("the 1983 Amendment"), to calculate his gain time in violation of the ex post facto clause. See Petition at 7. In support, Woolbright asserts that Florida Statutes section 944.275 (1981) ("the Pre-1983 Statute"), was in effect when he committed the offenses, and it provided for a more generous gain time award such that he "was entitled to 1/3 or (30) years time off his initial imposed sentence thus requiring that he serve not more than 60 years remainder of his sentence."[3] Id. at 3. According to Woolbright, he was entitled to receive gain time pursuant to the Pre-1983 Statute and Waldrup v. Dugger, 562 So. 2d 687 (Fla. 1990).[4] See id. at 6.

Woolbright raised a substantially similar claim as the only ground of his petition for writ of mandamus. Doc. 27 at 23-28. The circuit court denied relief, stating in pertinent part:

---

[3] Woolbright's thirty-year and fifteen-year terms of imprisonment have expired.

[4] In Waldrup v. Dugger, the Florida Supreme Court barred the FDOC "from applying the 1983 reduction in incentive gain-time to inmates convicted of offenses occurring before the effective date of the 1983 act." 562 So. 2d 687, 692 (Fla. 1990) (emphasis in original). It also directed the FDOC to recompute incentive gain time for those inmates "based on the formulas, and in light of the criteria, contained in the pre-1983 statute." Id.

8

Gain-time eligibility is based on the date the offense was committed pursuant to section 944.275, Florida Statutes. The amount of basic gain-time awarded is based on the total length of sentence for which the inmate is eligible for basic gain-time and a lump sum award is made at the beginning of the sentence to encourage satisfactory behavior pursuant to Rule 33-603.402 (3)(c), Florida Administrative Code, and is applied to establish the initial tentative release date.

Based on the statute in effect when Petitioner committed his offenses in case 83-2052, section 944.275(1), Florida Statutes, (1979-81)[FN2], the basic gain-time award on the ninety (90) year term[FN3] would have been calculated under the 3-6-9 day gain-time formula as follows[FN4]:

First year (12 months x 3 days per month) 36 days
Second year (12 months x 3 days per month) 36 days
Third year (12 months x 6 days per month) 72 days
Fourth year (12 months x 6 days per month) 72 days
Fifth through 90th years (86 years x 12 months x 9 days) = 9288 days
TOTAL 9504 days

Pursuant to the decision in Waldrup, instead of calculating Petitioner's basic gain-time based on the 3-6-9 formula set forth in the 1979-81 statutes, the Department applied the 10-day formula adopted in the 1983 version of the gain-time statute, §944.275(4)(a), Florida Statutes, because the 1983 version was more advantageous to the Petitioner. Under this statute, 10,800 days of basic gain-time were applied to the 90 year sentence. This is an increase of 1296 days over the amount authorized

9

> under the 3-6-9 day formula. See Respondent's Ex. A at 2.[5]
>
> Pursuant to Waldrup, the Department also converted Petitioner's incentive gain-time into a more generous award of work and extra gain-time under the 1981 statute. See Respondent's Ex. A at 2.[6] Thus, there has been no ex post facto violation.
>
> The Department has not violated Petitioner's rights against the ex post facto application of the law because the Department's gain-time calculations have been more advantageous to Petitioner than if the prior statute were applied. Petitioner has failed to show a clear right to mandamus relief.
>
> [FN2] The 1983 version of the statute had not yet gone into effect.
>
> [FN3] The sentences in counts 1 and 3 are no longer active.
>
> [FN4] Under the 3-6-9 day formula, gain-time deductions are authorized on a monthly basis as earned as follows: three days per month off the first and second years of the sentence; six days per month off the third and fourth years of the sentence; and nine days per month off the fifth and all succeeding years of the sentence.

Petition at 65-66. The First DCA denied Woolbright's petition for writ of certiorari on the merits. Doc. 27 at 121.

---

[5] Doc. 27 at 46.
[6] Doc. 27 at 46.

Federal habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. at 67-68. As such, federal habeas "does not lie for errors of state law." Id. at 67 (quotations omitted). Therefore, to the extent Woolbright challenges the state court's interpretation of its gain-time statute, the Court on federal habeas review cannot provide him with relief.

Even if Woolbright raises a cognizable claim, the state courts decided the claim on the merits, thus the Court must address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Woolbright is not entitled to relief on the basis of the claim.

11

Moreover, even assuming the state courts' adjudications of the claim are not entitled to deference, Woolbright's claim is without merit. Article I, Section 10, of the United States Constitution prohibits the States from enacting any ex post facto law. The United States Supreme Court has held that for a criminal or penal law to be ex post facto, "a law must be retrospective—that is, it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it . . . by altering the definition of criminal conduct or increasing the punishment for the crime." Lynce v. Mathis, 519 U.S. 433, 441 (1997) (internal quotations and citation omitted).

Under Florida law, the Pre-1983 Statute provided for "basic gain time" of three, six or nine days per month,[7] and required only that "the inmate perform 'satisfactory and acceptable' work and be guilty of no infractions" to earn such time. Waldrup, 562 So. 2d at 689. It also allowed the FDOC to grant "incentive gain time,"[8] which rewarded inmates for good behavior, of up

---

[7] Three days per month off the first and second years of the sentence, six days per month off the third and fourth years of the sentence, and nine days per month off the fifth and all succeeding years of the sentence. Waldrup, 562 So. 2d at 689 n.5.

[8] Incentive gain time under the Pre-1983 Statute is sometimes referred to as work and extra gain time. See Gwong v. Singletary, 683 So. 2d 109, 110 n.1 (Fla. 1996) (explaining that in 1983, the Florida Legislature simplified the gain-time statute and replaced work and extra gain time with incentive gain time).

12

to the total number of days in the month if the inmate "performed 'satisfactory and acceptable' work." Id. "Another award of one to six days a month could be given for work performance, 'over and above that which may normally be excepted,' among other reasons." Id. Therefore, assuming the maximum amount of gain time under the Pre-1983 Statute, an inmate could earn nine days of basic gain time and thirty-seven days of incentive gain time per month, or forty-six days of combined gain time per month.

The 1983 Amendment increased the basic gain time award to ten days per month. Id. at 690. Nevertheless, the maximum award of incentive gain time decreased to twenty days per month provided an inmate "work[ed] diligently, participate[d] in training, use[d] time constructively, or otherwise engage[d] in positive activities. . . ." Id. at 690 n.9. As such, assuming the maximum amount of gain time under the 1983 Amendment, an inmate could earn ten days of basic gain time and twenty days of incentive gain time per month, or thirty days of combined gain time per month.

Inmates who committed offenses prior to the enactment of the 1983 Amendment challenged its application to their gain time awards. In Raske v. Martinez, the Eleventh Circuit Court of Appeals concluded that the application of the 1983 Amendment's incentive gain time provision to such

13

inmates was an unconstitutional ex post facto application of law because it reduced the opportunity to shorten their prison sentences. 876 F.2d 1496, 1500 (11th Cir. 1989). Nevertheless, the Eleventh Circuit noted that:

> The effect of our decision, of course, is to require that the State of Florida "apply, if possible, the law in place when [defendant's] crime occurred." Weaver,[9] 450 U.S. at 36 n. 22, 101 S.Ct. at 968 n. 22. In so doing, the State must determine whether the unconstitutional provisions of the 1983 act are severable. If so, petitioner will reap the benefit of the increased basic gain time provided by the 1983 act, while also receiving the benefit of the thirty-seven days of incentive gain time provided by the 1978 act. If not, petitioner's sentence will be completely regulated by the terms of the 1978 act. These matters, however, are purely questions of state law, which must be resolved by the Florida courts.

Id. at 1502 n.16. Later, in Waldrup, the Florida Supreme Court determined that the provisions of the 1983 Amendment were severable such that there was "no impediment to DOC applying both the present [1983] basic gain-time statute and the pre-1983 incentive gain-time statutes to inmates such as Waldrup." 562 So. 2d at 694 (emphasis in original).

    Here, the record supports the state courts' conclusions. Woolbright receives basic gain time pursuant to the 1983 Amendment, Doc. 27 at 46-47, and he receives incentive gain time (work and extra gain time) pursuant to

---

[9] Weaver v. Graham, 450 U.S. 24 (1981).

14

the Pre-1983 Statute, id. at 46. Moreover, Woolbright's own exhibit demonstrates that the FDOC has applied work and extra gain time and deemed Woolbright ineligible for incentive gain time in accordance with Waldrup. Petition at 22-23. As such, the FDOC has applied the most advantageous provisions of the Pre-1983 Statute and the 1983 Amendment to Woolbright, as contemplated by the Eleventh Circuit in Raske. Whereas Woolbright could earn a maximum of forty-six days of combined basic gain time and incentive gain time per month under the provisions of the Pre-1983 Statute, he can now earn a maximum of forty-seven[10] days of combined basis gain time and incentive gain time per month. See Waldrup, 562 So. 2d at 689-90. Therefore, the FDOC's award of gain time does not constitute an unlawful ex post facto application of law as to Woolbright.

Insofar as Woolbright asserts that the FDOC has failed to award him the maximum amount of gain time that he is eligible to earn each month, he is not entitled to federal habeas relief. The Pre-1983 Statute granted the FDOC discretion to award incentive gain time. See id. at 692-93 ("Nothing in this opinion, however, shall be read as restricting the discretion accorded DOC under the earlier incentive gain-time statutes. This discretion remains

---

[10] Ten days of basic gain time pursuant to the 1983 Amendment plus thirty-seven days of incentive gain time pursuant the Pre-1983 Statute.

15

intact."). Notably Woolbright admits that "he has received numerous disciplinary reports which have resulted in lost [sic] of some of his gain-time." Reply at 4. And while he asserts that he did not receive gain time during certain months when he did not receive disciplinary reports, Petition at 8, he points to no evidence in the record to support this claim. Without more, such a claim does not warrant federal habeas relief. Accordingly, the Petition is due to be denied.

## VII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Woolbright seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Woolbright "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

16

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Woolbright appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from

17

the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of November, 2023.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 11/1
c:   Norman Woolbright, #716218
     Counsel of record

18